NOTE.—See preceding case.

---

## Conrad v. Conrad.

*Divorce—Collusion—Agreement as to maintenance and counsel fee.*

An agreement between the libellant and respondent in divorce, made after the libel was filed, to give the respondent a certain sum for maintenance and counsel fee in lieu of an order of court being obtained for that purpose, does not constitute collusion.

Rule to show cause why decree of divorce should not be entered as recommended by the master. C. P. Lancaster Co., Feb. T., 1923, No. 34.

*K. L. Shirk,* for rule.

HASSLER, J., Oct. 6, 1923.—The libellant in his depositions testified that there was no agreement between him and the respondent to obtain a divorce, but that there was an agreement that she was to receive the sum of $200 for support and maintenance up until the time the divorce was granted. This, in our opinion, without some explanation, had the appearance of collusion. Libellant's attorney afterwards explained the arrangement as follows: He testified that the respondent employed an attorney, who entered an appearance in the case, and spoke to him, the libellant's attorney, about an allowance for counsel fees and alimony *pendente lite.* They agreed that, owing to the unemployment or ill-health of the respondent, the sum of $200 should be paid

Conrad v. Conrad.

to her for these purposes. It was paid without asking the court to order it. Payment was made on April 19, 1920, three months after the commencement of the proceedings, and a like time before this rule to show cause why the decree of divorce recommended by the master should not be entered. It does not appear that any agreement had been made or spoken of before the libel was filed, and the subpœna was issued and served.

It has been decided in several cases that where divorce proceedings have been commenced and no agreement has been made or spoken of by the parties before they were begun, it is not collusion if afterwards the libellant agrees to pay alimony and counsel fees without an order of the court having been obtained for that purpose. In Taylor v. Taylor, 35 Pa. C. C. Reps. 385, the court said: "If the libellant instituted these proceedings of her own motion, and then the respondent had agreed to pay the costs and fees in order to save an application to the court for an allowance, such an arrangement would not be open to question, and the conversation between the libellant and the respondent, as shown in the testimony, amounts in substance to little more than the making of such an arrangement." In Klair v. Klair, 3 D. & C. 419, Judge Wickersham says: "We do not find any evidence of collusion. In offering to pay the expense of his wife obtaining a divorce, and actually paying the same, the respondent only did what the court would have required him to do had a petition been presented to us. Collusion is an agreement between husband and wife for one of them to commit, or appear to commit, a breach of the matrimonial duty, in order that the other might obtain a legal right of divorce or separation, as for a real injury, or an agreement between them that a proceeding for divorce instituted by one should not be resisted by the other."

We are convinced of the correctness of the learned master's conclusion that there was no collusion in this case, and direct that a divorce be decreed as recommended by him. The rule to show cause why this should not be done is made absolute.

From George Ross Eshleman, Lancaster, Pa.